```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


ERNESTINE L. ALI,               )
                                )
           Plaintiff            )
                                )
      v.                        )   Case No. 2:08-cv-326
                                )
ST. CATHERINE HOSPITAL,         )
HAMMOND POLICE DEPARTMENT,      )
GARY POLICE DEPARTMENT,         )
TRICITY,                        )
                                )
           Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motions for Appointment of Counsel [DE 3, 20] filed by the plaintiff, Ernestine L. Ali, on November 7, 2008, and December 19, 2008, respectively. For the following reasons, the motions are **DENIED**.

Background

Ernestine L. Ali filed a complaint pro se on November 7, 2008, alleging a violation of 42 U.S.C. §1983 by St. Catherine Hospital, the Hammond Police Department, the Gary Police Department, and Tri City Mental Health. Ali's complaint arises from her emergency detention for mental illness and dangerousness at St. Catherine Hospital. She maintains that St. Catherine Hospital failed to treat her properly after she was raped and subsequently failed to provide her with her medical records – presumably, those stemming from the rape incident. Ali alleges that Tri City's employee, Elsa Jenkins, a social worker in the

Emergency Room, prepared a report of the same incident describing Ali as paranoid and dangerous and then failed to provide Ali with the entire report upon request.

Ali alleges that the Hammond Police Department failed to respond properly to a minor auto accident. She told the officer called to the scene that she was being followed, but the officer failed to follow up on that information. She states that her car was towed and damaged.

Ali alleges that the Gary Police Department failed with reckless disregard to take seriously her repeated complaints that she was being followed by several people and the victim of rape and criminal trespass.

She requests relief of $25 million for her injuries.

## Discussion

An indigent civil litigant does not have a constitutional or statutory right to be represented by counsel in federal court. **Pruitt v. Mote**, 503 F.3d 647, 656 (7th Cir. 2007). The Seventh Circuit clarified the proper analysis used to determine whether to recruit pro bono counsel in such a case: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it herself? **Pruitt**, 503 F.3d at 654-55 (*citing* **Farmer v. Haas**, 990 F.2d 319, 321-22 (7th Cir. 1993)).

Here, Ali has provided a list of 14 law firms and bar associations which she has contacted in an attempt to obtain

counsel herself. *See* DE 20, p. 3. Because this satisfies the first prong, the court's inquiry proceeds to the second prong, which has been clarified:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff[.] . . . Rather the question is whether the difficulty of the case - factually and legally - exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. (internal footnote, quotation, and citation omitted)
>
> *Pruitt*, 503 F.3d at 655

The court may take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as other relevant and practical information such as "intellectual capacity and psychological history." *Id.* Any evidence given in support of the request for counsel, as well as that gleaned from the available pleadings and other case communication at the time, should be reviewed and considered. *Id*.

    Here, the docket reflects that Ali is literate and coherent. Her handwritten complaint and motions are legible and understandable. The nature of the claims put forth are simple and straightforward: did the defendants violate her rights when they damaged her vehicle, failed to respond to her rape claim, and

failed to investigate her reports of being followed.  Complication arises in the analysis with the information concerning Ali's psychiatric detention and purported paranoia.  Likewise, her requested relief of $25 million may belie a realistic viewpoint of the situation.  However, a cursory look at her complaint and motions cannot provide the court with an adequate insight to Ali's mental status or psychological history.  Given the information available at this stage and weighing the simple facts of the complaint with the plaintiff's lucid pleadings and motions, the court is satisfied that Ali can articulate her requests and proceed with the case.  The court has the discretion to revisit the appointment of counsel if at any time in the proceedings the plaintiff proves herself incompetent to litigate her own claims. *Pruitt*, 503 F.3d at 658.

_____

For the foregoing reasons, the Motions for Appointment of Counsel [DE 3, 20] filed by the plaintiff, Ernestine L. Ali, on November 7, 2008, and December 19, 2008, are **DENIED**.

ENTERED this 5th day of February, 2009

    s/ ANDREW P. RODOVICH
    United States Magistrate Judge