# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| ERNESTINE ALI, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-326-TS |
| ST. CATHERINE HOSPITAL et al., | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Before the Court is the *pro se* Plaintiff's Motion for Default Judgment [DE 33], filed on January 20, 2009. The Plaintiff asks the Court to enter default judgment against Defendants Gary Police Department and Tri-City[1]. Also before the Court is Defendant Gary Police Department's Motion to Set Aside Default [DE 40], filed on January 23, 2009.

Federal Rule of Civil Procedure 55 governs default judgment and creates a two-step process. There is a clear distinction "between the entry of default and the entry of a default judgment." *Lowe v. McGraw-Hill Cos.*, Inc., 361 F.3d 335, 339 (7th Cir. 2004). First, the clerk enters default against a party that "has failed to plead or otherwise defendant," Fed. R. Civ. P. 55(a), after "that failure is shown by affidavit or otherwise," *id.* The latter phrase means that the party seeking default must file a motion asking the clerk to enter default. The second step is default judgment, which the clerk will enter if it "is for a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), or which the court in its discretion will enter otherwise, Fed. R. Civ. P. 55(b)(2); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). This second step also requires a motion. In this case, the Plaintiff in this

---

[1] According to counsel for this Defendant, the proper name is Tri-City Comprehensive Community Mental Health Center, Inc. (*See* Notice of Appearance for Tri-City, DE 18.)

case did not seek or obtain a clerk's entry of default against these Defendants.

Therefore, the Plaintiff has not provided a basis for the Court to enter default judgment against these Defendants. Her Motion will be denied, and the Defendant's Motion is rendered moot (since there is neither a clerk's default nor default judgment to set aside).

This is the second time the Court has denied a premature motion for default judgment in this case. (January 7, 2009, Order, DE 25) (denying Motion for Default Judgment [DE 17] against two other Defendants in the case). That previous Order advised the Plaintiff to review the docket, specifically to determine when the Defendants' answers were due. The Defendant is now also advised to review the Federal Rules of Civil Procedure, which are available online at http://www.uscourts.gov/rules/CV2008.pdf. While the *pro se* Plaintiff is entitled to have her pleadings construed liberally, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), she is also responsible for knowing and obeying rules and deadlines. *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002); *Greer v. Bd. of Educ. of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001).

For the foregoing reasons, the Court DENIES the Plaintiff's Motion [DE 33] and DENIES AS MOOT the Defendant Gary Police Department's Motion [DE 40].

SO ORDERED on February 10, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION