UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ERNESTINE L. ALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-326-TS |
| | ) | |
| GARY INDIANA POLICE DEPT., HAMMOND | ) | |
| INDIANA POLICE DEPT., ST. CATHERINE | ) | |
| HOSPITAL, and TRI-CITY MENTAL HEALTH, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The *pro se* Plaintiff, Ernestine L. Ali, has sued the Gary, Indiana, Police Department ("GPD"), the Hammond, Indiana, Police Department, St. Catherine Hospital, and Tri-City Mental Health for violations of her constitutional rights. As to GPD, the Plaintiff's claim alleges constitutional violations resulting from two complaints she filed with the Department, and GPD's inadequate response. On February 6, 2009, GPD filed its Motion to Dismiss [DE 45] on grounds that: (1) the Plaintiff's claims are time-barred, and (2) the Plaintiff has not made a *prima facie* case under 42 U.S.C. § 1983.

Also before the Court is the Plaintiff's Response to Hammond and Gary Police Dept. Motion to Dismiss [DE 71]. The Defendant's Motion to Dismiss is now ripe for consideration, and is granted.

**STANDARD OF REVIEW**

The Plaintiff has sued the Defendants for violations of her federal constitutional rights pursuant to 42 U.S.C. § 1983. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must

allege that some person has deprived her of a federal right, and that the person who has deprived her of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court will review the *pro se* Plaintiff's Complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1950.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

## COMPLAINT ALLEGATIONS

For purposes of ruling on this Motion to Dismiss, the Court accepts these facts as true. Sometime in the days and weeks before October 12, 2006, the Defendant called the Gary Police Department to report being followed by neighbors and co-workers from her place of employment. The officer who went out to her house did not "take [her] complaint, and no report number was given for the complaint [she] made." The Plaintiff then went to the Gary Police Department and reported the same. Nobody from the Department followed up on the complaint. On February 3, 2007, the Plaintiff made a return trip to the Gary Police Department, this time to inform the officers there of a sexual assault she suffered in her home, under the influence of controlled substances. Despite this complaint, the Police Department did not test her food for drugs, or question any suspects.

**DISCUSSION**

The Defendant, GPD, moves for dismissal on two grounds. First, it claims that the Plaintiff's claims are barred by the Indiana statute of limitations for tort. Second, it claims that the Plaintiff has not made a *prima facie* showing for a § 1983 cause of action. This Opinion will address each issue, respectively.

**1. Statute of Limitations**

Indiana's two-year personal injury statute of limitations applies to the Plaintiff's § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 700–01 (7th Cir. 2005); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995); Ind. Code § 34-11-2-4 (providing that an action for injury to a person must be brought within two years after the cause of action accrues). The Plaintiff's § 1983 claims, to be timely, must have been filed within two years after the cause of action accrued.

When a cause of action accrues is an issue for the court. *Autocephalous Greek-Orthodox Church v. Goldberg & Feldman Fine Arts*, 917 F.2d 278, 288 (7th Cir. 1990). Federal law determines when a cause of action accrues. *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Accrual occurs when the plaintiff has "a complete and present cause of action" and when he "can file suit and obtain relief." *Wallace*, 127 S. Ct. at 1095 (quotation marks and citations omitted); *see also Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993) (stating that a § 1983 claims accrue when the plaintiff "knows or should know" that his constitutional rights have been

violated).

In this case, the Plaintiff's injuries occurred on October 12, 2006, and February 3, 2007. The Plaintiff filed her Complaint on November 7, 2008. Therefore, the earlier claim would seem to be time-barred. However, the Plaintiff's October 12 claim is rescued by accrual. As discussed below, proving a policy or widespread practice of discrimination is often a prerequisite to proving a § 1983 claim. It is perfectly consistent with such a claim that a plaintiff would not realize she was a victim of discrimination on one occasion until the discrimination was manifested a second time. The Court determines that the exercise of ordinary diligence would not necessarily have discovered a tort based solely on the events of October 12. As the February 3, 2007, injury occurred within the two-year statute of limitations, the Court finds the Defendant's statute of limitations argument without merit.

**2. Actionable Section 1983 Claims**

The Defendant next argues that the Plaintiff's § 1983 claim should be dismissed for failure to make a *prima facie* case. The Court agrees.

The Plaintiff's Complaint contends that employees of the Gary Police Department deprived her of constitutional rights when they repeatedly ignored her complaints about being stalked by acquaintances and coworkers, and sexually assaulted.

> A municipality violates the Constitution only when it has an unconstitutional custom or policy. Although a local municipality is subject to suit under 42 U.S.C. § 1983, *respondeat superior* will not suffice to impose § 1983 liability on the municipality. *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995) (*citing Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690–91 (1978)). Rather, a municipal policy or custom must be the basis of the constitutional violation for municipal liability to attach. *Id.* "Misbehaving employees are responsible for their

5

> own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'"

*Lewis v. City of Chi.*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)).

Section 1983 jurisprudence provides three ways in which a municipality's policy or custom can give rise to a §1983 claim. First, a claim may arise if a plaintiff demonstrates an express municipal policy that, when enforced, causes a constitutional deprivation. *McTigue,* 60 F.3d 381 at 382. Second, a claim may arise if a plaintiff demonstrates a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law. *Id.* Third, a cognizable claim may arise if a plaintiff alleges that the constitutional injury was caused by a person with final policymaking authority. *Id.*

In this case, the Plaintiff has not alleged an express municipal policy to ignore complaints like the ones she made. The Plaintiff has not allege a widespread practice that is permanent and well-settled to ignore complaints like the ones she made. Nor can the Court infer one—the Plaintiff merely alleges specific acts of misconduct by specific officers of the force. Finally, the Plaintiff does not allege that her injury was caused by a person with final policymaking authority. Her action rests entirely on the theory of *respondeat superior*, which is not a basis for a § 1983 claim.

As a result, the Plaintiff has not met the *Twombly* standard of raising factual allegations above the speculative level. Since the pleaded factual content does not allow the Court to draw the reasonable inference that GPD is liable for the misconduct alleged, the Court deems the claim facially implausible. Whatever claims the Plaintiff may have against the individual officers, she is owed no legal remedy from the Gary Police Department.

**CONCLUSION**

For the foregoing reasons, the Defendant Gary Police Department's Motion to Dismiss [DE 45] is GRANTED, and the Gary Police Department is dismissed.

SO ORDERED this 10th day of September, 2009.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
