UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERNESTINE L. ALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:08-CV-326-TS |
| | ) |
| GARY INDIANA POLICE DEPT., HAMMOND INDIANA POLICE DEPT., ST. CATHERINE HOSPITAL, and TRI-CITY MENTAL HEALTH, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

The *pro se* Plaintiff, Ernestine L. Ali, has sued the Gary, Indiana, Police Department, the Hammond, Indiana, Police Department ("HPD"), St. Catherine Hospital, and Tri-City Mental Health for violations of her constitutional rights. As to HPD, the Plaintiff's Complaint relays events and circumstances surrounding a four-car accident in which she was involved on July 12, 2006. The Plaintiff challenges HPD's response to the accident, alleging that the department showed disregard for her physical well-being, and was derelict in its duty to investigate. HPD has moved to dismiss [DE 27] the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) all claims are barred by the applicable statute of limitations; (2) that it is protected from the alleged misconduct by the principle of qualified immunity, and (3) that the Plaintiff's allegations are barred by the Indiana Tort Claims Act.

Also before the Court are the Plaintiff's memorandum in response to the Defendant's Motion [DE 35], filed on January 20, 2009, as Plaintiff's Request Not to Dismiss, and the Defendant's Reply [DE 42], filed on January 28, 2009. On August 11, 2009, the Plaintiff filed an additional response [DE 71], as Response to Hammond and Gary Police Dept. Motion to

Dismiss. The Defendant's Motion to Dismiss is now ripe for consideration, and is granted.

## STANDARD OF REVIEW

The Plaintiff has sued the Defendants for violations of her federal constitutional rights pursuant to 42 U.S.C. § 1983. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived her of a federal right, and that the person who has deprived her of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court will review the *pro se* Plaintiff's Complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences

2

in the Plaintiff's favor. However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1950.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

**COMPLAINT ALLEGATIONS**

For purposes of ruling on this Motion to Dismiss, the Court accepts these facts as true. On July 12, 2006, the Plaintiff Ernestine L. Ali contacted Defendant HPD to report an automobile accident with three other persons, all non-parties to this lawsuit. An HPD officer arrived on the scene, prepared a report, and had the Plaintiff's vehicle towed. The officer tried to talk the Plaintiff out of going to the hospital and did not take seriously her contention that one of the other persons in the accident had been following the Plaintiff down the street in his vehicle,

"stalking [her]." Furthermore, the Plaintiff's vehicle was "towed and damaged while it was in police care."

**DISCUSSION**

Among other reasons, the Defendant HPD moves for dismissal on grounds that all of the Plaintiff's claims are barred by the applicable statute of limitations. The Court agrees.

Indiana's two-year personal injury statute of limitations applies to the Plaintiff's § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 700–01 (7th Cir. 2005); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995); Ind. Code § 34-11-2-4 (providing that an action for injury to a person must be brought within two years after the cause of action accrues). The Plaintiff's § 1983 claims, to be timely, must have been filed within two years after the cause of action accrued.

When a cause of action accrues is an issue for the court. *Autocephalous Greek-Orthodox Church v. Goldberg & Feldman Fine Arts*, 917 F.2d 278, 288 (7th Cir. 1990). Federal law determines when a cause of action accrues. *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Accrual occurs when the plaintiff has "a complete and present cause of action" and when he "can file suit and obtain relief." *Wallace*, 127 S. Ct. at 1095 (quotation marks and citations omitted); *see also Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993) (stating that a § 1983 claim accrues when the plaintiff "knows or should know" that his constitutional rights have been violated).

In this case, the Plaintiff's injury occurred on July 12, 2006. However, she did not file her

Complaint until November 10, 2008, outside of the two-year scope. The Plaintiff's claim is not rescued by federal accrual principles. All of the alleged injuries occurred at the scene. Even were the injuries to the automobile (removed radio, component cable disconnected, messy trunk area) not immediately apparent, due diligence would have discovered them within a matter of days. The Court notes that though the statute of limitations is an affirmative defense, a Plaintiff who pleads facts that show that her claims do not conform to the statute of limitations is subject to her suit being dismissed. *See Trzenga v. Great Am. Commc'nss Co.*, 12 F.3d 717, 718 (7th Cir. 1994) ("The statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint. Of course if he pleads facts that show that his suit is time-barred . . . he has pleaded himself out of court.") (citation omitted).

## CONCLUSION

For the foregoing reasons, the Defendant Hammond Police Department's Motion to Dismiss [DE 27] is GRANTED, and the Hammond Police Department is dismissed.

SO ORDERED this 10th day of September, 2009.

                                       s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT