UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERNESTINE L. ALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:08-CV-326-TS |
| | ) |
| GARY INDIANA POLICE DEPT., HAMMOND | ) |
| INDIANA POLICE DEPT., ST. CATHERINE | ) |
| HOSPITAL, and TRI-CITY MENTAL HEALTH, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The *pro se* Plaintiff, Ernestine L. Ali, has sued the Gary, Indiana, Police Department, the Hammond, Indiana, Police Department, Tri-City Comprehensive Community Mental Health Center, Inc., and St. Catherine Hospital (St. Catherine, or the Defendant) for violations of her constitutional rights under 42. U.S.C. § 1983. As to St. Catherine and Tri-City, the Plaintiff's claim alleges constitutional violations resulting from a hospital visit she made on or around November 9, 2006. On April 13, 2009, St. Catherine filed its Motion to Dismiss for Insufficient Service of Process [DE 58]. The Plaintiff filed her Response [DE 75] on October 13. The Defendant filed its Reply [DE 76] on October 16, and the Motion is ripe for ruling.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed due to "insufficiency of service of process." When a defendant or the court questions the sufficiency of process on a defendant, the plaintiff assumes the burden of making a prima facie showing that service was proper. *Walton v. The Bureaus, Inc.*, 2004 WL 421736 at *1 (N.D. Ill. Feb. 9, 2004).

"Valid service of process is necessary in order to assert personal jurisdiction over a defendant." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) (citing *Rabiolo v. Weinstein*, 357 F.2d 167 (7th Cir. 1996)). When the service of process requirement is not satisfied, the court has no jurisdiction over a defendant even if the defendant knows of the lawsuit against him. *See id.*

## COMPLAINT ALLEGATIONS

For the purpose of ruling on this Motion to Dismiss, the Court accepts these facts as true.[1] On or about November 9, 2006, the Plaintiff went to St. Catherine Hospital seeking treatment for the effects of a rape. At the hospital, she met with a hospital nurse, as well as a Tri-City social worker, Esha Jenkins. Despite her telling the nurse and social worker that she had been raped and was not mentally ill, the Plaintiff was treated for paranoia and schizophrenia. To this day, the Plaintiff has not been able to receive her medical records from the hospital, and no person has been arrested for the sexual assault.

On November 26, 2008, the Plaintiff attempted to issue summons on the Defendant, via certified mail [DE 9]. The summons and complaint were addressed to St. Catherine Hospital, Attention: Dr. S. Epifalnio at 4321 Fir Street, East Chicago, Indiana 46312.

## PROCEDURAL BACKGROUND

In its monitoring of the case, the Court has proceeded with an abundance of caution, and with great deference toward the *pro se* Plaintiff, allowing her every opportunity to properly serve

---

[1] The Plaintiff's recital of the facts leading to the cause of action is non-linear and nearly incomprehensible in her Complaint [DE 1] and subsequent pleadings. However, a consistent thread of a story has emerged, which allows the Court to find these facts.

the Defendant and litigate her claim. The Plaintiff filed her Complaint [DE 1] on November 7, 2008. On December 15, the Plaintiff filed a Motion for Default Judgment as to St. Catherine [DE 17]. On January 2, 2009, the Defendant filed its Response in Opposition [DE 24], arguing that the summons was not properly addressed to St. Catherine, but rather a Dr. S. Epifalnio, and thus never received by a proper agent on behalf of St. Catherine. The Court denied the Motion on January 7 [DE 25].

On January 2, 2009, the Defendant filed a Motion to Quash Service [DE 23], making the same arguments as it did in its Response in Opposition. The Court granted the Motion to Quash on February 9, 2009 [DE 46], finding that St. Catherine had not been properly served. Since that time, the Court is not aware of any further attempts by the Plaintiff to serve St. Catherine.

On April 13, the Defendant filed a Motion to Dismiss for Insufficient Service of Process [DE 58], arguing that the Plaintiff had not served process within the requisite 120 day time period. When the Plaintiff did not file a response, the Defendant filed a Motion [for] Summary Ruling [DE 60] on June 29, 2009. On September 11, 2009, the Court issued an Opinion and Order [DE 72] denying the Motion for Summary Ruling, and allowing the Plaintiff 30 extra days to file a response to the Motion to Dismiss for Insufficient Service of Process. The Plaintiff filed her Response [DE 76] on October 13. The Defendant filed its Reply [DE 77] on October 16, and the Motion is ripe for ruling.

## DISCUSSION

Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time; provided that if*

> *the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.*

(emphasis added). In such an instance, a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service. "[I]f the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Panaras v. Liquid Carbonic Indus. Corp.* 94 F.3d 338, 340 (7th Cir. 1996). "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. Of Sch. Dirs.* 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Panaras*, 94 F.3d at 340. Thus, even if good cause is not shown, a court must still consider whether a permissive extension of time is warranted." *Id.*

By April 13, far more than 120 days had passed since the Plaintiff originally filed her Complaint, and the Defense was on solid ground in moving to dismiss. However, the Court noted the insufficiency of service of process, and granted the Plaintiff 30 additional days to respond to the Motion. By June 29, when the Defendant filed its Motion for Summary Ruling, even more time had elapsed. However, the Court denied the motion in order to allow the Plaintiff further time to comply.

Initially, the Court finds that the Plaintiff has not shown good cause for her failure to properly serve St. Catherine. The Plaintiff has, in fact, consistently exhibited defiance in response to the Court's efforts to ensure her proper service of the Defendant.[2] Nor does this Court find reasons that would warrant another extension of time, in addition to the several extensions of time the Plaintiff has already received. In so deciding, the Court notes its many

---

[2] For example, the Plaintiff stated in her most recent Response: "As far as the insufficient service[] at leas[t] I sent it out which is more than what I got which was sometimes no notice at all . . . ." (DE 75).

attempts to guide the Plaintiff into compliance, most notably its February 9 Opinion and Order [DE 46] quashing service, in which the Magistrate Judge essentially recited Federal Rule of Civil Procedure 4 in its entirety. As the Plaintiff has repeatedly ignored the Court's attempts, or responded to them with intransigence, the Court has no choice but to dismiss the Plaintiff's case, without prejudice.

## CONCLUSION

Because the Plaintiff has not followed this Court's Orders and has failed to effectuate service of process on Defendant St. Catherine, the Defendant's Motion to Dismiss [DE 58] is GRANTED. The Court now DISMISSES this action WITHOUT PREJUDICE as to Defendant St. Catherine Hospital.

SO ORDERED on October 23, 2009.

                                                          s/ Theresa L. Springmann
                                                        THERESA L. SPRINGMANN
                                                        UNITED STATES DISTRICT COURT