UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ERNESTINE L. ALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-326-TS |
| | ) | |
| GARY INDIANA POLICE DEPT., HAMMOND | ) | |
| INDIANA POLICE DEPT., ST. CATHERINE | ) | |
| HOSPITAL, and TRI-CITY MENTAL HEALTH, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The *pro se* Plaintiff, Ernestine L. Ali, has sued the Gary, Indiana, Police Department, the Hammond, Indiana, Police Department, St. Catherine Hospital, and Tri-City Comprehensive Community Mental Health Center, Inc. (Tri-City, or the Defendant), for violations of her constitutional rights under 42 U.S.C. § 1983. As to St. Catherine and Tri-City, the Plaintiff's claim alleges constitutional violations resulting from a hospital visit she made on or around November 9, 2006. On March 3, 2009, Tri-City filed its Motion to Dismiss [DE 51]. The Plaintiff filed her Response [DE 75] on October 13, and the Motion is ripe for ruling.

**STANDARD OF REVIEW**

The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1950.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

The Court is also mindful of the unique challenges faced by *pro se* litigants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must

2

be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). Nevertheless, *pro se* "litigants are not exempt from procedural rules," *Jones v. Mem'l Hosp. of South Bend, Inc.*, 301 Fed. Appx. 548, 548 (7th Cir. 2008) (citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)), and "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," *Airborne Beepers & Video, Inc., v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir. 2007).

## COMPLAINT ALLEGATIONS

For the purpose of ruling on this Motion to Dismiss, the Court accepts these facts as true.[1] On or about November 9, 2006, the Plaintiff went to St. Catherine Hospital seeking treatment for the effects of a rape. At the hospital, she met with a hospital nurse, as well as a Tri-City social worker, Esha Jenkins. Despite her telling the nurse and social worker that she had been raped and was not mentally ill, the Plaintiff was treated for paranoia and schizophrenia. To this day, the Plaintiff has not been able to receive her medical records from the hospital, and no person has been arrested for the sexual assault.

## PROCEDURAL BACKGROUND

In its monitoring of the case, this Court has proceeded with an abundance of caution, and with great deference toward the *pro se* Plaintiff. The Plaintiff filed her Complaint [DE 1] on

---

[1] The Plaintiff's recital of the facts leading to the cause of action is non-linear and nearly incomprehensible in her Complaint [DE 1] and subsequent pleadings. However, a consistent thread of a story has emerged, which allows the Court to find these facts.

November 7, 2008, and Tri-City filed its Answer [DE 19] on December 16. On January 20, 2009, the Plaintiff filed a Motion for Default Judgment [DE 33] as to the Gary Police Department, and Tri-City. The Motion consisted of a list of damages the Plaintiff sought from the Defendants, and contended that Tri-City had never responded to her Complaint. Tri-City filed its Response [DE 39] on January 23, correctly noting that its Answer had, in fact, been filed. The Court denied the Motion for Default Judgment [DE 46] on February 9. On March 3, Tri-City filed a Motion to Dismiss [DE 51], contending that the Plaintiff had not stated a cause of action under § 1983. Several months having gone by, Tri-City then filed another Motion to Dismiss [DE 62] on July 7, 2009, on the ground that the Plaintiff had never responded to its first Motion to Dismiss. The Plaintiff filed a Response [DE 66], claiming that she had never received the original Motion to Dismiss, and asking for time to respond to it. On September 11, this Court issued an Opinion and Order [DE 72] denying Tri-City's second Motion to Dismiss, and granting the Plaintiff up to and included October 13 to respond to the first. The Plaintiff having now filed her Response [DE 75], the Court will rule on the original Motion to Dismiss [DE 51].

**DISCUSSION**

The Defendant, Tri-City, moves for dismissal on the ground that the Plaintiff has not made a *prima facie* showing for a § 1983 cause of action. The Plaintiff's Complaint contends that an employee of Tri-City deprived her of constitutional rights when the employee ignored her complaints about being sexually assaulted.

The Plaintiff brings her claim under 42 U.S.C. § 1983. This section is not a source of substantive rights but instead provides "a method for vindicating federal rights elsewhere

conferred by those parts of the United States Constitution and federal statutes that it describes."

*City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687, 749 n.9 (1999).

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff['s] allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

In this case, the Plaintiff fails to meet each element of a valid § 1983 claim. Regarding the first branch, the Plaintiff alleges that Tri-City violated her civil rights by not giving her appropriate medical care for the alleged rape, and by instead treating her for a psychiatric disorder. Neither of these allegations, liberally construed, evidence a deprivation of a Constitutionally secured right. This Court is not aware of any federal right for a patient to receive medical care that is contrary to the diagnosis of medical professionals. Similarly, the Court knows of no federal right of a patient to have her story unconditionally believed by her doctor. This is not to say that the Plaintiff has no possible cause of action in tort against the Defendant. However, as federally secured rights are not involved, this is not an appropriate matter for § 1983 adjudication.

Alternatively, this Defendant will be dismissed because the Plaintiff's claim fails the second requirement for stating a cause of action under § 1983. In this case, there is no allegation in the Complaint that any Tri-City employee acted under the color of law. Moreover, it is undisputed

that Defendant Tri-City is not a state actor. However, to act under the color of state law for purposes of § 1983 does not require that the defendant be an officer of the State; "[i]t is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (holding that when private persons are jointly engaged with state officials in challenged action, they are acting under color of law for § 1983 purposes). No amount of liberal construction could find that Jenkins or Tri-City was "jointly engaged with state officials in challenged action." Whatever remedies the Plaintiff may have against the Defendant in tort, or another cause of action, she cannot find any redress in a § 1983 claim.

As a result, the Plaintiff has not met the *Twombly* standard of raising factual allegations above the speculative level. Since the pleaded factual content does not allow the Court to draw the reasonable inference that Tri-City is liable for the misconduct alleged, the Court deems the claim facially implausible.

## CONCLUSION

For the foregoing reasons, the Defendant Tri-City's Motion to Dismiss [DE 51] is GRANTED, and Tri-City Comprehensive Community Mental Health Center, Inc. is dismissed.

SO ORDERED on October 23, 2009.

                                s/ Theresa L. Springmann
                                THERESA L. SPRINGMANN
                                UNITED STATES DISTRICT COURT